■ PARK RIVER OWNERS CORP., Appellant, v BANGSER KLEIN ROCCA & BLUM, L. L. P., Respondent. [703 NYS2d 465] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered November 30, 1998, which, in an action by a residential cooperative corporation to enjoin a law firm from prosecuting an earlier action purportedly brought on plaintiff's behalf against its sponsors seeking rescission of the cooperative conversion, denied plaintiff's motion to consolidate the two actions, and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff contends that it never validly retained defendant, or, if it did, that it validly discharged defendant in a subsequent resolution adopted by its five-person board of directors. The action was properly dismissed in the absence of evidence rebutting plaintiff's then-president's presumptive authority to have instituted the action on plaintiff's behalf and engage counsel therefor without formal authorization from plaintiff's board (cf., Sterling Indus. v Ball Bearing Pen Corp., 298 NY 483, 490; see, NYF Props. Corp. v SB Investors, 96 AD2d 481), and in view of the evidence establishing that the resolution to terminate the retainer was not supported by a majority of plaintiff's disinterested directors (Business Corporation Law § 713 [a] [1]). Director interest, which can be either self-interest in the transaction at issue or a loss of independence because a director with no direct interest in a transaction is controlled by a self-interested director (see, Marx v Akers, 88 NY2d 189, 200), invalidated the vote of at least two, if not all three, of the directors who voted to terminate defendant's retainer (see, Auerbach v Bennett, 47 NY2d 619, 632)—a principal, an employee and a tenant of the sponsor. Factual assertions made by plaintiff concerning the composition of its board at the time defendant was engaged, whether the board had earlier voted to terminate defendant and the independence of its current president would not, if resolved in plaintiff's favor, either invalidate its former president's presumptive authority to have hired defendant or validate the subsequent vote(s) to terminate defendant. Concur—Williams, J. P., Tom, Lerner and Saxe, JJ.